UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| STANLEY ELLINGTON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SPENCER J. COX, Utah Governor; J. STUART ADAMS, Utah Senate President; and MIKE SCHULTZ, House of Representative Speaker,<br><br>　　　　Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS (DOC. NOS. 32 & 33) AND DISMISSING ACTION**<br><br>Case No. 1:24-cv-00103<br><br>Magistrate Judge Daphne A. Oberg |

Stanley Ellington, proceeding without an attorney, brought this action against Utah Governor Spencer Cox, Utah Senate President Stuart Adams, and Utah House Speaker Mike Schultz.[1] Mr. Ellington challenges House Bill 261, a bill passed by the Utah legislature which prohibits "diversity, equity, and inclusion" programs at state educational institutions and state agencies.[2] Mr. Ellington claims the bill violates the United States Constitution, the Utah Constitution, and the Civil Rights Act of 1964.[3]

---

[1] (Compl., Doc. No. 1; Am. Compl., Doc. No. 8.)

[2] (Am. Compl. 3, Doc. No. 8.)

[3] (*Id.* at 1.)

Governor Cox has filed a motion to dismiss[4] and President Adams and Speaker Schultz (the "legislative defendants") have filed a joint dismissal motion.[5] Governor Cox moves to dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, arguing Mr. Ellington lacks standing and fails to state a plausible claim for relief.[6] The legislative defendants move to dismiss on the same grounds, and they also argue legislative immunity bars Mr. Ellington's claims.[7]

Both motions to dismiss are granted.[8] To the extent Mr. Ellington asserts claims against the defendants in their individual capacities, these claims are barred by legislative immunity and dismissed with prejudice. And because Mr. Ellington fails to establish his standing to challenge House Bill 261, his official-capacity claims are dismissed without prejudice.

## LEGAL STANDARDS

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows dismissal of a case for "lack of subject-matter jurisdiction."[9] A motion to dismiss under Rule 12(b)(1) may

---

[4] (Governor Spencer J. Cox's Mot. to Dismiss (Cox MTD), Doc. No. 32.)

[5] (Legislative Defs.' Mot. to Dismiss (Legislative Defs.' MTD), Doc. No. 33.)

[6] (Cox MTD 5, Doc. No. 32.)

[7] (Legislative Defs.' MTD 1, Doc. No. 33.)

[8] The parties consented to proceed before a magistrate judge in accordance with 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. (Doc. No. 31.)

[9] Fed. R. Civ. P. 12(b)(1).

take one of two forms—a facial attack or a factual attack.[10] "A facial attack looks only to the factual allegations of the complaint in challenging the court's jurisdiction."[11] "A factual attack, on the other hand, goes beyond the factual allegations of the complaint and presents evidence in the form of affidavits or otherwise to challenge the court's jurisdiction."[12] Defendants' motions present a facial attack because they base their jurisdictional arguments solely on the allegations in the amended complaint. When a dismissal motion presents a facial attack, the court applies the same standards applicable to a Rule 12(b)(6) motion and accepts the allegations in the complaint as true.[13]

To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[14] Courts accept well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.[15] But a court need not accept a plaintiff's conclusory allegations as true.[16] "[A] plaintiff must offer specific factual allegations to

---

[10] *Rural Water Dist. No. 2 v. City of Glenpool*, 698 F.3d 1270, 1272 n.1 (10th Cir. 2012).

[11] *Id.* (internal quotation marks omitted).

[12] *Id.* (internal quotation marks omitted).

[13] *Muscogee Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010).

[14] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[15] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[16] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

support each claim,"[17] and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[18]

Because Mr. Ellington proceeds pro se (without an attorney), his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[19]  Still, a pro se plaintiff must follow the same procedural rules as other litigants.[20]  For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[21]  While courts make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements,"[22] courts "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[23]

## BACKGROUND

The Utah legislature passed House Bill 261, entitled "Equal Opportunity Initiatives," during the 2024 General Session, and Governor Cox signed the bill into law

---

[17] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

[19] *Hall*, 935 F.2d at 1110.

[20] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[21] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (citation modified).

[22] *Hall*, 935 F.2d at 1110.

[23] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (citation omitted).

on January 30, 2024.[24] The bill's stated purpose is to prohibit "an institution of higher education, the public education system, and a governmental employer from taking certain actions and engaging in discriminatory practices."[25] The bill as enacted includes a provision categorizing any "policy, procedure, practice, program, office, initiative, or required training" referred to as "diversity, equity, and inclusion" as a prohibited discriminatory practice.[26]

      Mr. Ellington describes himself as a "citizen and a people advocate in the State of Utah."[27] He asserts he is challenging House Bill 261 "[o]n behalf of the Black community."[28] His amended complaint sets out four numbered claims. In claim one, Mr. Ellington alleges Utah legislators "enacted House Bill 261 without a legitimate business reason and without adequate evidence that Diversity, Equity, and Inclusion methodology and practices are discriminatory."[29] He contends the bill has "resulted in adverse actions against Black[] [people] attending an institution of higher education, Black[] [people] using the public school system, and Black[] [people] working in

---

[24] H.B. 261, 65th Leg., 2024 Gen. Sess. (Utah 2024), available at https://le.utah.gov/~2024/bills/static/HB0261.html [https://perma.cc/TVU6-8B3A].

[25] *Id.*

[26] Utah Code Ann. § 53B-1-118(1)(c)(ii)(L).

[27] (Am. Compl. 1, Doc. No. 8.)

[28] (*Id.* at 2.)

[29] (*Id.* at 4.)

governmental agencies in the State of Utah."[30] He also alleges the bill is an "intentional act" against Black people.[31]

In claims two through four, Mr. Ellington asserts House Bill 261 violates Section 1 of the Fourteenth Amendment to the United States Constitution, Articles III and X of the Utah Constitution, and Title VII[32] of the Civil Rights Act of 1964.[33] Specifically, he alleges the enactment of the bill "violated the protective rights [under those authorities] of parents with Black school age children in Utah's public education system, [] Black[] [people] attending institutions of higher education, and Black[] [people] working in governmental agencies."[34]

Mr. Ellington asks the court to order the Utah legislature to rescind House Bill 261 and "restore all the dismantled diversity, equity, and inclusion departments, offices, units, and employment positions" in state agencies and educational institutions.[35] He also asks for compensatory and punitive damages for "eligible individuals affected" by the bill.[36] Finally, Mr. Ellington requests that President Adams and Speaker Schultz be

---

[30] (*Id.*)

[31] (*Id.*)

[32] 42 U.S.C. § 2000e, et seq.

[33] (Am. Compl. 2–3, Doc. No. 8.)

[34] (*Id.* at 2–3; *see also id.* at 8–9, 11 (same).)

[35] (*Id*. at 14 (citation modified).)

[36] (*Id.*)

6

"required to vacate" their positions at the Utah legislature and be restricted from holding these positions for a period of time.[37]

## ANALYSIS

Mr. Ellington does not state whether he is suing the defendants in their individual or official capacities, but his claims must be dismissed regardless of how they are construed. To the extent he brings individual-capacity claims, his claims are barred by legislative immunity. And to the extent he brings official-capacity claims, he fails to establish standing. Accordingly, the motions to dismiss are granted.

A. <u>Legislative Immunity</u>

"Absolute legislative immunity attaches to all actions taken in the sphere of legitimate legislative activity."[38] This immunity applies to officials sued in their individual capacities.[39] Whether an act is legislative depends on "the nature of the act, rather on the motive or intent of the official performing it."[40] Legislative acts include voting on legislation, proposing and signing legislation, and conducting legislative investigations.[41]

Mr. Ellington does not allege any action by any defendant outside the realm of legitimate legislative activity. He expressly challenges the defendants' "enactment" of

---

[37] (*Id.*)

[38] *Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998) (internal quotation marks omitted).

[39] *Sable v. Myers*, 563 F.3d 1120, 1123 (10th Cir. 2009).

[40] *Bogan*, 523 U.S. at 54.

[41] *Borde v. Bd. of Cnty. Comm'rs*, 423 F. App'x 798, 801 (10th Cir. 2011) (unpublished) (citing *Sable*, 563 F.3d at 1124–27; *Bogan*, 523 U.S. at 55).

House Bill 261, which is a legislative act. And Mr. Ellington's suggestion that the bill was enacted with racist intent or for other improper reasons cannot overcome legislative immunity. Accordingly, the defendants are entitled to absolute legislative immunity for Mr. Ellington's individual-capacity claims against them.

B. <u>Standing</u>

Mr. Ellington's claims that House Bill 261, as enacted, is unconstitutional and violates federal law are construed as official-capacity claims.[42] But with his allegations, Mr. Ellington fails to establish his standing to assert such claims.

"Article III of the Constitution requires a plaintiff have standing to sue, meaning [he] has incurred (or will incur) (1) 'an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'"[43] To assert an injury in fact, the alleged injury must be "(a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical."[44] A "party has standing to challenge the constitutionality of a statute only insofar as it has an adverse impact on his own rights."[45]

---

[42] *See Petrella v. Brownback*, 697 F.3d 1285, 1294 (10th Cir. 2012) ("[T]he proper vehicle for challenging the constitutionality of a state statute, where only prospective, non-monetary relief is sought, is an action against the state officials responsible for the enforcement of that statute," including a state governor.).

[43] *Shields v. Pro. Bureau of Collections of Md., Inc.*, 55 F.4th 823, 827 (10th Cir. 2022) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)).

[44] *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (citation modified).

[45] *United States v. Ramos*, 695 F.3d 1035, 1047 (10th Cir. 2012) (quoting *Cnty. Ct. of Ulster Cnty. v. Allen*, 442 U.S. 140, 154 (1979)).

Mr. Ellington fails to allege he has suffered (or will suffer) an injury-in-fact related to House Bill 261. While he alleges the bill "violate[s] the protective rights of parents with Black school age children in Utah's public education system," and Black people attending institutions of higher education and working in governmental agencies, he does not allege he falls into one of these categories.[46] He does not assert he is a parent with Black school-age children, for example, or that he is a Black person attending an institution of higher education or working in a state agency. He also neglects to describe a concrete, particularized harm such persons have suffered. Accordingly, he fails to allege an injury-in-fact sufficient to confer standing to challenge House Bill 261. Therefore, Mr. Ellington's official-capacity claims must be dismissed under Rule 12(b)(1) for lack of subject-matter jurisdiction.

## CONCLUSION

The motions to dismiss[47] are granted. Because Mr. Ellington's individual-capacity claims against the defendants are barred by legislative immunity, these claims are dismissed with prejudice under Rule 12(b)(6). And where Mr. Ellington

---

[46] (Am. Compl. 8–9, 11, Doc. No. 8.)

[47] (Doc. Nos. 32 & 33.)

fails to allege his standing to challenge House Bill 261, his official-capacity claims are dismissed without prejudice under Rule 12(b)(1) for lack of subject-matter jurisdiction.

DATED this 8th day of September, 2025.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge